FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 06, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVEN L.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1]<br><br>　　　　　　Defendant. | NO: 1:20-CV-03133-LRS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 15, 19. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney D. James Tree. Defendant is

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER ~ 1

1 represented by Special Assistant United States Attorney Lisa Goldoftas.  The

2 Court, having reviewed the administrative record and the parties' briefing, is fully

3 informed.  For the reasons discussed below, the Court **GRANTS, in part,**

4 Plaintiff's Motion for Summary Judgment, ECF No. 15, **DENIES** Defendant's

5 Motion for Summary Judgment, ECF No. 19, and **REMANDS** the case for to the

6 Commissioner for additional proceedings.

## JURISDICTION

Plaintiff Steven L.[2] filed an application for Disability Insurance Benefits (DIB) on August 9, 2013, Tr. 73, alleging disability since October 1, 2007, Tr. 181, due to depression and an inability to be around people, Tr. 229.[3]  Benefits were denied initially, Tr. 122-24, and upon reconsideration, Tr. 130-31.  A hearing before Administrative Law Judge Virginia M. Robinson ("ALJ") was conducted on June 25, 2015.  Tr. 29-71.  Plaintiff was represented by counsel and testified at the hearing.  *Id*.  The ALJ also took the testimony of vocational expert Jerri

---

[2]In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

[3]Plaintiff had a previous DIB application denied on December 21, 2009, which was reopened in the ALJ's 2015 decision.  Tr. 12.

ORDER ~ 2

Lawnmaker. *Id*. The ALJ denied benefits on October 28, 2015. Tr. 12-23. The Appeals Council denied Plaintiff's request for review on February 27, 2017. Tr. 1-3. Plaintiff requested judicial review of the ALJ decision on April 28, 2017. Tr. 573. The parties stipulated to a remand for additional proceedings before the ALJ on December 1, 2017. Tr. 583-85.

The ALJ held a remand hearing on April 16, 2020, and heard testimony from medical expert Faren R. Akins, Ph.D. Tr. 509-46. The ALJ entered an unfavorable decision on May 28, 2020. Tr. 484-97. The Appeals Council did not assume jurisdiction under 20 C.F.R. § 404.984(a). Therefore, the ALJ's decision became in the final decision of the Commissioner. The matter is now before this Court pursuant to 42 U.S.C. § 405(g). ECF No. 1.

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 40 years old at the alleged date of onset. Tr. 181. He completed his GED in 1997. Tr. 230. He also was one year shy of completing his apprenticeship as an electrician. *Id*. Plaintiff's reported work history includes jobs as a box stacker, construction, laborer, and apprentice electrician. Tr. 231. At application, he stated that he stopped working on July 31, 2008, due to his conditions. Tr. 229, 254.

ORDER ~ 3

In addition to the DIB application, Plaintiff also filed an application for Supplemental Security Income on August 9, 2013. Tr. 74. Benefits were awarded with an onset date of September 12, 2013, which is the date of Dr. Toews' third evaluation. Tr. 81. In doing so, great weight was assigned to the September 2013 opinion of Dr. Toews, the October 2009 opinion of Dr. Toews, and the April 2009 opinion of Dr. De Villeneuve. Tr. 83.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. §§ 405(g), 1383(c). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id*.

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational

ORDER ~ 4

interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in

ORDER ~ 5

"substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R.

ORDER ~ 6

§ 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386,

ORDER ~ 7

389 (9th Cir. 2012).

## THE ALJ'S FINDINGS

The ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on June 30, 2012. Tr. 487. The ALJ's decision only addressed the period from the alleged onset date, October 1, 2007, through the date last insured, June 30, 2012.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity during the relevant time. Tr. 487. At step two, the ALJ found that Plaintiff had the following severe impairments: anxiety disorder; affective disorder; personality disorder; and substance abuse disorder. Tr. 487. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 487. The ALJ then found that Plaintiff had the RFC to perform a full range of work at all exertional levels with the following non-exertional limitations: "the claimant can perform simple tasks in a routine work environment, can have only superficial interaction with coworkers, and incidental interaction with the public, meaning interaction with the public is not a required part of job duties." Tr. 490. At step four, the ALJ identified Plaintiff's past relevant work as an electrician apprentice, construction worker, and mobile home builder. Tr. 495. The ALJ found he could not perform his past relevant work. Tr. 495. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there

ORDER ~ 8

were other jobs that exist in significant numbers in the national economy that Plaintiff could perform, including truck driver helper, heavy housecleaner, and conveyor feeder. Tr. 496. The ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from October 1, 2007, through the date last insured, June 30, 2012. Tr. 497.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying his DIB benefits under Title II of the Social Security Act. ECF No. 15. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly evaluated Plaintiff's symptom statements;
2. Whether the ALJ made a proper step two determination; and
3. Whether the ALJ properly addressed the medical opinion evidence.

## DISCUSSION

**1.  Plaintiff's Symptom Statements**

Plaintiff argues that the ALJ erred in the treatment of his symptom statements. ECF No. 15 at 8-13.

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "The

ORDER ~ 9

claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom." *Id*.

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted).

The ALJ stated that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 491. The ALJ then stated that Plaintiff's self-reports and subjective complaints "are inconsistent with the total evidence in the file," and proceeded to summarize the medical evidence in the record. Tr. 491-92. However, the ALJ failed to discuss Plaintiff's statements with any specificity.

The specific, clear and convincing standard requires the ALJ to "specifically identify the testimony [from a claimant] she or he finds not to be credible and . . . explain what evidence undermines that testimony." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (quoting *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)); *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). Recently, the Ninth Circuit reiterated the need to address

ORDER ~ 10

Plaintiff's testimony with specificity:

> Our cases do not require ALJs to perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft dissertations when denying benefits. But our precedents plainly required the ALJ to do more than was done here, which consisted of offering non-specific conclusions that Lambert's testimony was inconsistent with her medical treatment.

*Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (internal citations omitted). Therefore, the ALJ erred, and the case is remanded for the ALJ to properly discuss Plaintiff's symptom statements.

**2.    Step Two**

Plaintiff argues that the ALJ erred at step two by failing to properly address his adjustment disorder. ECF No. 15 at 5-8.

Step two of the sequential evaluation process requires the ALJ to determine whether or not the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual[']s ability to work.'" *Id*. at 1290.

To show a severe impairment, the claimant must first establish the existence of a medically determinable impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms, a diagnosis, or a medical opinion is not sufficient to establish the

ORDER ~ 11

existence of an impairment. 20 C.F.R. § 404.1521. "[O]nce a claimant has shown that he suffers from a medically determinable impairment, he next has the burden of proving that these impairments and their symptoms affect his ability to perform basic work activities." *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001). At step two, the burden of proof is squarely on the Plaintiff to establish the existence of any medically determinable impairment(s) and that such impairments(s) are severe. *Tackett*, 180 F.3d at 1098-99 (In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.).

In her step two determination, the ALJ found that Plaintiff had the following severe impairments: anxiety disorder; affective disorder; personality disorder; and substance abuse disorder. Tr. 487. The ALJ failed to discuss the adjustment disorder diagnosed by Dr. Toews in 2008 and 2009. Tr. 327, 422, 487. Plaintiff argues that the ALJ failed to discuss the adjustment disorder as a result of Dr. Akin's testimony at the hearing. ECF No. 15 at 6-7. However, the ALJ did not discuss the adjustment disorder in any way in her decision. Therefore, there is no reason for the for the Court to review. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.").

This case is already being remanded for additional proceedings. Therefore,

ORDER ~ 12

the ALJ will make a new step two determination on remand and address the adjustment disorder diagnosed by Dr. Toews.

**3.     Medical Opinion Evidence**

Plaintiff challenges the ALJ's rejection of the medical opinions of Jay Toews, Ed.D., Faren Akins, Ph.D., C. De Villeneuve, M.Ed., Wendi Wachsmuth, Ph.D., and Aaron Burdge, Ph.D. ECF No. 15 at 13-21.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan,* 246 F.3d at 1201-02 (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a reviewing physician's opinion. *Id*.

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). The specific and legitimate standard

ORDER ~ 13

can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

A. **Jay Toews, Ed.D.**

On October 16, 2009, Dr. Toews completed an evaluation of Plaintiff diagnosing him with an adjustment disorder with depression and mild anxiety. Tr. 325-28. He opined that Plaintiff "would have difficulty in [his] acting with and relating to coworkers, but would be able to interact with supervisors. He would not deal well with the general public. He does appear to be mildly depressed. Character features and depression could interfere with reliability of attendance at work." Tr. 327.

The ALJ gave this opinion great weight. Tr. 494. However, the ALJ failed to address any limitation with attendance in the RFC determination. Tr. 490. Social Security Ruling (S.S.R.) 96-8p states that the RFC assessment "must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." Therefore, on remand, the ALJ will readdress Dr. Toews' 2009 opinion and discuss the limitation concerning attendance.

ORDER ~ 14

1    On October 21, 2008, Dr. Toews completed an evaluation of Plaintiff and diagnosed him with an adjustment disorder with anxiety and depressed mood, severe. Tr. 420-23. He opined that Plaintiff "was not able to tolerate working in close proximity to others and [was] not able to tolerate supervision. Persistence and pace would be poor due to affect and mood. He would not be able to tolerate a full work day or work week in his present state." Tr. 422.

On September 12, 2013, Dr. Toews completed a third evaluation and diagnosed Plaintiff with generalized anxiety disorder, depressive disorder, rule out intermittent explosive disorder, and rule out cognitive disorder. Tr. 371-80. Dr. Toews provided the following medical source statement:

> [Plaintiff] is able to remember detailed instructions. He is able to sustain attention and concentration for extended periods. He has severe limitations in ability to relate to and interact with workers and supervisors. He has marked limitations in ability to sustain a full work day and no ability to sustain a work week. He is incapable of interacting with the general public.

Tr. 379. In Plaintiff's SSI application, this opinion was assigned great weight and was sufficient to support a finding of disability as of September 12, 2013. Tr. 83-84.

The ALJ assigned both these opinions partial weight. Tr. 494. This case is being remanded for the ALJ to properly address Plaintiff's symptom statements, *see supra*, and not rely on the testimony of Dr. Akins, *see infra*. On remand, the ALJ will readdress these two opinions from Dr. Toews.

ORDER ~ 15

     **B.**     **Faren Akins, Ph.D.**

At the April 16, 2020, hearing, Dr. Akins testified as a medical expert. Tr. 518-38. He testified that Dr. Toews' 2008 evaluation could not be relied upon because of the diagnosis of adjustment disorder failed to qualify as a medically determinable impairment because there is no listing for the impairment:

> And I think what I went on to say is, there isn't a diagnosis here. There isn't a severe medical condition. And I say that knowing that this is a little confusing, but if you don't have a diagnosis that fits within any of the categories of the Social Security listings - - if you don't have a diagnosis, you cannot have a severe medical condition.
>
> And so my point was, I don't quite know how to deal with this particular exhibit because there is no severe medical condition. I did say that I thought that there were limitations on work functioning that would be present. And I can offer opinions about what those limitations might be, but those are not being made based on any particular diagnosis or any particular listing.

Tr. 536-37. However, this is a gross misstatement of the law. Step two directs the ALJ to determine if a claimant has a medically determinable physical or mental impairment that results from "anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1521. Step three is separate from step two and addresses the Listings of Impairments, which "describes for each of the major body systems impairments that we consider to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a). There is no requirement that an

ORDER ~ 16

impairment be described in a listing in step three in order for it to be considered a severe medically determinable impairment at step two. This is backwards and counterinitiative of a step-by-step analysis. The regulations even state that "[i]f you have an impairment(s) that is not described in appendix 1 [the listings], we will compare your findings with those for closely analogous listed impairments. If the findings related to your impairment(s) are at least of equal medical significance to those of a listed impairment, we will find that your impairment(s) is medically equivalent to the analogous listing." 20 C.F.R. § 404.1526(b)(2). Therefore, a claimant can not only have a severe medically determinable impairment at step two that is not described in a listing, but that claimant can also be found to have a medically equivalent listing level impairment and be found disabled at step three with such an impairment. Furthermore, Dr. Akins discussed Dr. Toews' 2009 opinion, which also diagnosed an adjustment disorder, and failed to find that the opinion lacked a diagnosis that could be considered medically determinable. Tr. 534-36.

    Dr. Akin's testimony demonstrates that he wholly misunderstood the five step sequential evaluations process, particularly at steps two and three. These were the very steps he was called to provide testimony regarding. *See* Tr. 584 (requiring the ALJ to "obtain appropriate medical expert evidence to provide a longitudinal overview and clarify the nature, severity and limiting effects of Plaintiff's medically determinable mental impairments throughout the period at issue."). Since he failed

ORDER ~ 17

to consider Plaintiff's adjustment disorder as a medically determinable impairment based on a misapplication of law, his medical opinion regarding functional capacity is suspect as limitations resulting from this impairment have not been associated in his functional opinion. On remand, the ALJ will not rely on this testimony and call a new medical expert to provide an opinion regarding Plaintiff's severe medically determinable impairments and a functional opinion for the period at issue in this case.

### C. Remaining Medical Opinions

Plaintiff also challenged the opinions of Dr. De Villeneuve, Dr. Wachmuth, Dr. Burdge. ECF No. 15 at 17-19. Since this case is being remanded, the ALJ will address these opinions anew following testimony from a medical expert.

### CONCLUSION

Plaintiff requests that the Court remand the case for an immediate award of benefits. ECF No. 15 at 21.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280

ORDER ~ 18

1   (9th Cir. 1990).  This policy is based on the "need to expedite disability claims."

2   *Varney*, 859 F.2d at 1401.  But where there are outstanding issues that must be

3   resolved before a determination can be made, and it is not clear from the record

4   that the ALJ would be required to find a claimant disabled if all the evidence were

5   properly evaluated, remand is appropriate.  *See Benecke*, 379 F.3d at 595-96;

6   *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

7         The Court finds that further administrative proceedings are appropriate.  *See*

8   *Treichler.*, 775 F.3d 1103-04 (remand for benefits is not appropriate when further

9   administrative proceedings would serve a useful purpose).  The record contains

10  evidence of drug and alcohol use during the relevant period.  Tr. 392.  In cases

11  involving substance use disorders, the ALJ must complete the five-step sequential

12  evaluation in accord with S.S.R. 13-2p.  Therefore, even if evidence were credited

13  as true, further findings would be required before a favorable determination could

14  be made.  On remand, the ALJ must properly address Plaintiff's symptom

15  statements, make a new step two determination that addresses Plaintiff's diagnosed

16  adjustment disorder, and readdress the medical opinions in the record.  In addition,

17  the ALJ should call a new medical expert to testify regarding Plaintiff's medically

18  determinable impairments and their resulting functional limitations and take

19  testimony from a vocational expert at any remand proceedings.

20        **ACCORDINGLY, IT IS HEREBY ORDERED:**

21        1. Plaintiff's Motion for Summary Judgment, ECF No. 15, is **GRANTED,**

ORDER ~ 19

**in part,** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, ECF No. 19, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** December 6, 2021.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER ~ 20